IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT COURT
TYLER DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JUN 14 2023
BY _____
DEPUTY

CASE No: 6023CV295 JDK-KNM

In re RANDALL ALLAN COUNTS, Petitioner,

V.

BOBBY LUMPKIN, Director of TDCJ-CID,
KEN PAXTON, Attorney General of Texas, Respondents.

## PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT 28 U.S.C. SECTION 2241 (c)(3)

TO THE HONORABLE DISTRICT COURT JUDGE :

Petitioner, Randall Allan Counts, appearing pro se and in forma pauperis to represent RANDALL COUNTS # 01420403 in the instant habeas corpus proceeding pursuant 28 U.S.C. § 2241 (c)(3) for violations, past, present, and ongoing, of both State and Federal Constitutions, laws, or treaties.

The violations have previously, do presently, and will in future unobstructed course cause unconstitutional restraint/custody, and have made a substantial breach in his state prison performance contract.

Petitioner offers the following claims, allegations to show his entitlement to RELIEF; videlicet :

### I.
### JURISDICTION

The United States Constitution provides that this Article III District Court is authorized to hear the claims, allegations of the instant petition under 28 U.S.C. § 2241 (c)(3). (see Branden v. 30th Jud. Cir. Court of Kentucky, 410 U.S. 484, 503-05 (1973); Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir 1985).

The Court is authorized to exercise supplemental, ancillary jurisdiction under 28 U.S.C. § 1343; and should utilize state laws and decisions under 28 U.S.C. § 1652. (Please see Petitioner's Memorandum & Brief, generally, hereto attached.)

Petitioner is currently held in Anderson County, Texas, on the Michael Unit of the T.D.C.J.-C.I.D.'s, so the Unit's location is within the Court's Federal Territorial Jurisdiction.

## II.
## PARTIES

1. Petitioner is a state prisoner RANDALL COUNTS whose Texas Department of Criminal Justice -Criminal Institutional Division (T.D.C.J.) Account Number is: # 01420403 . He can be contacted at   Michael Unit
2664 FM. 2054
Tennessee Colony, TX.
75886

2.) Respondent Bobby Lumpkin is the Director of TD.C.J., is responsible for the lawful execution of prison performance contracts as he was named in Petitioners plea contract , signed in state court by the State, the D.A., Petitioner , and his counsel regarding Petitioner's present sentence.

3.) Respondent Ken Paxton is the Attorney General of Texas and must call into question unconstitutional restraints constantly affecting TDCJ statewide.

The Director Respondent may be reached at TDCJ Headquaters
PO Box 99
Huntsville TX.
77342

and Attorney General (A.G.) at PO. Box 12548
Austin Tx. 78711 .

## III.
## SPECIAL CIRCUMSTANCE

Federal courts normally require a petitioner to allow the State/Respondents an opportunity to address the violations/ restraints under comity principles. The exhaustion doctrine of Section 2241 (c)(3) was judicially crafted on federalism grounds to protect the states opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as limit federal interferences.

In the instant case and controversy Petitioner alleges that there are multiple and perpetual "special circumstances", provided forthwith , that will satisfy the "exhaustion doctrine." (see Exhibit-A , hereto attached.)

Petitioner is transgender with serious mental health diagnosis' that she has not been allowed access to adequate treatment for, with said inadequacies pervading the entire state penal system through the acts and or omissions of both Respondents. ( Please see state records of employment)

2

Petitioner has been is restrained in such a way that can only result in perpetual irreparable injury. Michael Unit currently employs no staff as required by medical policies, procedures, and as agreed to implicitely and/or overtly in Petitioner's sentence performance contract prior to her coming to TDCJ. (see plea agreement)

During the Covid-19 pandemic the Respondents, by their acts and/or omissions, unconstitutionally suspended Petitioner's lawful exercise of her constitutionally protected rights, liberties, and interests, and privileges and protections under state and federal Constitutions in a way that has changed the essence of the "terms and conditions" of said contract.) The Respondents meet, communicate, and notify each other regularly to conspire against Petitioner, and those "similarly situated," with the objective of causing, in a perpetual fashion, unconstitutional restraint/custody; the acts and/or omissions made by each of the Respondents provide very furtile ground for special circumstances due to their intentional failures to provide adequate, meaningful NOTICE, HEARING, or A RIGHT TO APPEAL the suspension of Petitioner's constitutional rights that lead to the unconstitutional restraints, custody, and the breach of contract issues.

Petitioner alleges that Respondents conspired to, and succeeded in, directing themselves towards unconstitution objectives, by acts and/or omissions, by deliberately enacting, enforcing, approving, and or overlooking T.D.C.J. Rules, Regulations, Procedures, and Policies that demand a certain amount of staff and/or staff performance, then knowingly, deliberately, and/or intentionally fail to adequately staff each relevant department so that constitutionally adequate staffing may be made, or that constitutional performances be made, either. (see below stated FACTS and Exhibit-A.)

The results have been documented in the spike in Texas prisoner suicides, prisoner escapes, uses of force, injuries to staff, injuries to prisoners.

Further, the Respondents, by and through their acts/omissions caused the T.D.C.J.'s Grievance and Disciplinary Procedures to either not exist in any meaningful manner, or to be utilized in an unconstitutional manner to illegally restrain Petitioner and those

"similarly situated."

Petitioner has no adequate remedy at law. And, should the Court not intervene speedily, Petitioner will certainly suffer irreparable injury.

## IV.

### (A) STATEMENT OF FACTS FOR CAUSE OF ACTION #1

The Respondents by act and/or omission have caused Petitioner to be illegally restrained from lawful exercise of his constitutionally rights, interests, privileges, and protections under the Texas Constitution's Due Course of Law Clause, article 1§19.

1.) Petitioner is a native Texan, born in Denison, Texas - Greyson County. He is entitled to the Guarantees found in articles 1§§19, 29 and fully invokes those Guarantees herewith. (see Exh.-A.)

2.) Petitioner signed a lawful and binding contract in the form of the plea agreement made in Greyson County, Texas for a (10) year prison perform-ance in May 2006.

This sentence performance contract (S.P. Contract or Contract) was and is protected by the Texas Bill of Rights at articles 1§§19, 29, and by the law of contracts, inter alia.

3.) On the date that Petitioner signed above-mentioned S.P. Contract the state district judge ORDERED the Safe, Taking, Conveyance and Delivery of RANDALL COUNTS to the TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S DIRECTOR to execute the punishment shown in the S.P. Contract. (Please obtain Plea Contract.)

4.) The DIRECTOR Respondent has no authority outside of the S.P. Contract's Orders, which obligate performance under TDCJ's Rules, Regulations, Procedures, and Policies (TDCJ. Rules). Any action or any omission not thereby authorized is "ultra vires."

5.) Petitioner was brought to 12 Building, F-Pod, 28 Cell, which is only called Restrictive Housing, but is actually the Administrative Segregation (Ad. Seg.) of old readily described in the _Ruiz v. Estelle_, cases. (see _Ruiz v. Estelle_, 37 F.Supp.2d 855, 860-931(S.D. 1999).

He was brought to his present Housing Assignment against his will, in violation of any relative lawful TDCJ Rules by one Sergeant Bankole Adiniran in the illegal manner enacted, enforced, by acts and or omissions,

4

of Respondents ; a way that imposed, and imposes, an atypical hardship on Petitioner in relation to the way anticipated by the S.P. Contract.

6.) Petitioner was illegally restrained by Sgt. Bankole on May 17, 2023 when Sgt. Bankole instructed Petitioner, whom was walking freely, on 8 Building, B-Row, to submit to the application of hand restraints behind his back so as to be escorted to 1D Building's Medical Department for a Pre-Hearing Detention Physical. (See TDCJ Disc. Rules and Proc. (P.H.D.) (2018).)

Upon arrival at 1D Bldg., without the required handheld video-camera operator, or recorded footage demanded by TDCJ Rules, Sgt. Bankole asked Petitioner, "How did the crossover door get open?" Petitioner's own ignorance of the occasion infuriated Sgt. Bankole, whom then threatened to illegally put Petitioner in 12 Building as a Level-3, the most restrictive level, and "destroy" the lawful personal property that Petitioner was forced to leave behind unguarded by Sgt. Bankole's Direct Order to submit to the application of hand restraints.

7.) The Sergeant, subsequent to Petitioner's inability to advise the Sgt. as to the "How?" of the open Section Door, escorted Petitioner to F-Pod illegally, placed on Level-3 illegally, and illegally destroyed Petitioner's hot-pot, fan, photographs, and various other authorized items.

8.) Petitioner was illegally restrained from utilizing the lawfully enacted TDCJ Rule of providing adequate Notice, Hearing, and Right to Appeal) arbitrary decisions such as the one made by Sgt. Bankole to illegally restrain Petitioner in ad-seg for simply not having the information he wanted.

The account given is a true and correct demonstration of the tactics enacted and/or enforced by the acts/omissions of Respondents.

9.) On June 5, 2020 a "Counsel Substitute" arrived at Petitioner's assigned Housing with a Disciplinary Report, Case # 20230174103 for "Tamper(ing) with the crossover door locking mechanism by pulling the door open to another section." (See Exhibit-B, hearto attached.)

10.) Petitioner was on 8 Bldg., I-Pod, 2-Section and he did casually walk through the open section door that connects 2-Section to 3-Section, there is a total of six section doors, one on each walkway leading to the next Section. There are three sections on each Pod, identical to I-Pod's on 3, 4, 7, and 8 Bldg.

11.) The Counsel Substitute, Ms. D. Holman, CS.I (Ms. Holman) is an active part of the illegal restraint, caused by Respondent's acts/omissions, that prevents Petitioner from participating in a constitutionally adequate, meaningful Disciplinary Hearing,

On the day she arrived she demonstrated start of the illegal disciplinary process approved by Respondents. On the day of service she advised Petitioner that she likely would not be able to review the footage from the Pod's mounted video cameras that would not only prove Petitioner's innocence, but also incriminate the Sergeant's falsification of government documents, a crime in every State on both federal and state Levels.

12.) The Grievance Process and Procedure on Michael Unit and anywhere in the State perpetuated restraint against Petitioner's lawful access to the courts while simultaneously refusing the course due in Texas.

The Grievance Investigator or an administrator are the only individuals authorized to access the constitutionally protected evidence that is normally consequent to Grievance Investigation, ie., reviewing video footage, obtaining witness statements, and maintenance of things relative to court proceedings.

13.) Respondents, by acts/omissions, allow the Grievance Procedure to be turned off without Notice; they allow staff shortages that demand Petitioner to be illegally restrained from protecting the evidence that has been, is, or would be essential to prove a meritorious claim in court.

14.) Petitioner's illegal restraints, suspensions occurred without due course require Notice or Hearing. His present (30) Day restraint is an example of daily culture that has occurred due to acts/omissions of Respondents.

The 'entirety of the circumstances' lens can be applied.

15.) During the Pandemic Petitioner and those "similarly situated" had their rights suspended, and they have not been reinstated by Respondents, which means being placed in ad-seg. indefinately for no reason or any reason is an acceptable method of punishment due to the wholistic failures in each TDC() Department, enacted/enforced by Respondents.

## ⑧  STATEMENT OF FACTS
### FOR CAUSE OF ACTION #2

Respondents have by acts and/or omissions restrained Petitition in violation of the United States Constitution's 14th Amendment Due Process Clause.

16.) Petitioner incorporates by reference Cause #1 paragraphs 1-15 for the sake of brevity.

17.) Petitioner's illegal restraints violate the U.S. Constitution Under Due Process at the Fourteenth Amendment.

18.) Petitioner is presently restrained in an atypical manner, designed by Respondents to create hardships that will compel Petitioner, and those "similarly situated," to refuse orders or otherwise act out in a negative 'seeming' manner.

19.) Petitioner has no adequate remedy at law.

20.) Respondents acts or omissions have created an environment that provides no meaningful processes, actively prevents an

7

adequate means to obtain, maintain, or otherwise utilize constituti-
onally Protected evidence essential to protect one's rights, integrity,
or minimize restraints, lawful or not.

21.) The complained of restraints and illegal suspension of Pet-
itioner's Rights have been occurring for over (3) years, and are
not only not showing signs of stopping, but, rather, are now
developed into Unit Culture.

   Petitioner is perpetually illegally restrained from his lawful
exercise of Administrative Directive-03.72, Inmate Property Policy,
with the example in Cause#1 being the normal way property is
mismanaged, and no meaningful way to counter the illegal
staff behavior [excepting violence] that is disruptive enough to
earn one a short-lived measure of respect-fear; respect-fear
granted by staff consequently subjecting its recipient to un-
ending health hazards such as use of force, injuries, and
unwarranted targeting by staff.

22.) Because of the drastic change of the Terms and Con-
ditions of the contract, especially during Covid-19 lockdown
until present a Breach of Contract has occurred.

23.) If Petitioner had known the real consequences he would
not have made the contract with the state but would have
exercised the right of trial.

24.) As it stands Petitioner must suffer criminalizing false
reports by staff, constant illegal takings of his protected
property, restraint in excercising meaningful access to court
by maintenance of material evidence, Respondents enacting
enforcement of outdated TDCJ Rules that overtly demand
constitutional violations and illegal restraints. (See Exh-A, B.)

# V.
## RELIEF

Relief Requested by Petitioner:

1.) That the Great Writ of Habeas Corpus issue forth from this Court; 2.) Declaration regarding constitutional rights under state Constitution; 3.) Declaration regarding federal constitutional rights; 4.) Release from Administrative Segregation/Restrictive Housing 12 Building; 5.) Espongement of Disciplinary cases illegally handled; 6.) Remand to County to renegotiate; 7.) Such other and further relief as May be deemed necessary.

IT IS SO PRAYED.

Date: 6 - 07 - 23

Respectfully submitted.
/s/ Randall Counts #1420403
Randall Allan Counts #01420403
Michael Unit - 2664 FM 2054
Tennessee Colony, Tx. 75886

## DECLARATION

I, Randall Allan Counts, do hereby declare under penalty of Perjury that the foregoing statements are true and correct. (28 USC § 1746). 6 - 07 - 23   /s/ Randall Counts