IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| RANDALL ALLAN COUNTS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Case No. 6:23-cv-295-JDK-KNM |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Randall Allan Counts, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

**A. Background**

Petitioner appears to contend that the plea agreement supporting his underlying conviction should be set aside, and he should be allowed to "re-negotiate" due to the conditions of confinement in TDCJ. He complains that he was placed in administrative segregation against his will and in violation of TDCJ rules. Petitioner also points to two disciplinary cases, charging him with being out of place and tampering with a door-locking mechanism. Petitioner also complained of the

1

conditions of confinement in administrative segregation, the living conditions during the Covid-19 lockdown, and claims of inadequate medical care.

On June 28, 2023, Judge Mitchell issued a Report and Recommendation recommending that the Court deny the petition and dismiss Plaintiff's claims. Specifically, the Report recommends dismissal without prejudice as to Petitioner's challenges to his criminal conviction for failure to exhaust state remedies; dismissal without prejudice as to any claim regarding disciplinary case no. 20230174103 because it was ongoing at the time of the petition; dismissal with prejudice as to disciplinary case no. 20230143728 because it does not implicate any constitutionally protected liberty interest; and dismissal without prejudice as to Petitioner's claims concerning medical care and conditions of confinement because these claims are not cognizable in a habeas case, but should be raised under 42 U.S.C. § 1983. The Report also recommended that a certificate of appealability be denied. Docket No. 6. Petitioner timely objected. Docket No. 10.

### B. Legal Standard

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

### C. Discussion

Petitioner's objections make clear that he is primarily challenging his placement in administrative segregation. Docket No. 10 at 2. However, placement in administrative segregation implicates the conditions of his confinement rather than the fact or length of confinement, and therefore is not cognizable in a habeas corpus petition. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). In fact, Petitioner's objections do not mention any relief sought pertaining to the fact or length of his confinement in prison.

Regardless, Petitioner's claim lacks merit on its face. In order to invoke the procedural protections of the Fourteenth Amendment's Due Process Clause, the petitioner must show that a protected liberty interest is at stake. *Wilkerson v. Goodwin*, 774 F.3d 845, 851 (5th Cir. 2014). In the context of disciplinary convictions and confinement in administrative segregation, such interests are generally limited to restrictions which lengthen the prisoner's sentence and restraints imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.*

As a general rule, prisoners do not have a liberty interest in their custodial classification, including their transfer into administrative segregation. *Hernandez v. Velasquez*, 522 F.3d 556, 562; *Bailey v. Fisher*, 647 F. App'x 472, 474 (5th Cir. 2016). While administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest, *see Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), the severity of the restrictive conditions and their durations are considered, on a case-by-case basis, in deciding whether a prisoner has a liberty

interest in his custodial classification. *Carmouche v. Hooper*, 2023 WL 5116377 (5th Cir. Aug. 10, 2023).

Petitioner states that in administrative segregation, he was put in a single-man cell. He says that when he was on close custody, the recreation period involved multiple social activities including basketball games, handball, dominos, and chess and other such games, conducted in the sunlight, for at least two hours a day. By contrast, he asserts that everything in administrative segregation is done in single-man fashion and requires two officers to escort him to and from every destination he attends, handcuffed and having been strip searched. He also says that close custody has school and job accessibility, and that as a close custody inmate, he is entitled to a six-month classification review for a possible move to medium custody.

None of the circumstances described by Petitioner sets out an atypical or significant hardship in relation to the ordinary incidents of prison life. *Hernandez*, 522 F.3d at 563. He has no constitutionally protected liberty interest in whether or not he is single-celled. *See Rhodes v. Chapman*, 452 U.S. 337, 347–50 (1981); *Duncan v. Puckett*, 91 F.3d 137, 1996 WL 400039 (5th Cir. 1996). The fact that Petitioner cannot participate in recreational games with other prisoners likewise does not raise a constitutional claim. *See Alberti v. Klevenhagen*, 790 F.2d 1220, 1228 (5th Cir. 1986). Nor does he have any constitutional right to attend school or hold a job. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995); *Miles v. Windham Sch. Dist.*, 78 F.App'x 418, 419 (5th Cir. 2003). And escorts and searches are a normal part of

prison life and do not impose significant hardship in relation to the ordinary incidents of prison life. *Waddleton v. Jackson*, 445 F. App'x 808, 808 (5th Cir. 2011).

Petitioner also asserts that he has been in administrative segregation for some thirty days. Docket No. 10 at 3. This length of time is too brief to give rise to a liberty interest in and of itself. *Cf. Carmouche*, 2023 WL 5116377 at *4 (remanding for further consideration a complaint of being held in segregation for sixteen months); *Bailey*, 647 F.App'x at 477 (remanding for further consideration where prisoner had been segregated for as many as five years). By contrast, the Supreme Court has stated that a thirty-day period of segregated confinement did not give rise to a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). While Petitioner appears to complain that TDCJ personnel did not follow prison rules with regard to his placement in segregation, the failure to follow prison rules does not amount to a constitutional claim. *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012). Similarly, the denial of review hearings for thirteen months does not impose an atypical or significant hardship. *Hernandez*, 522 F.3d at 562; *Patel v. Haro*, 470 F. App'x 240, 244 (5th Cir. 2012) (denial of review hearings for four months was not a constitutional violation). Petitioner has not shown the deprivation of a protected liberty interest with regard to his placement in administrative segregation, and his objections in this regard are without merit.

Petitioner poses the question of whether his convicting court considered that there would be an extended time period where there were "no adequately reliable rules and procedures for staff and prisoners." Docket No. 10 at 7. While the relevance

of this question is not entirely clear, the Court assumes Petitioner is arguing that his conviction is somehow invalid or should be set aside because he did not fully understand prison life. But the Magistrate Judge correctly concluded that any challenge to Petitioner's conviction fails because Petitioner has not exhausted his state remedies for such a claim. Docket No. 6 at 6. While Petitioner says that he cannot exhaust state remedies because Texas has no habeas corpus remedies for prison conditions of confinement, this assertion lacks merit because conditions of confinement claims are not cognizable in habeas corpus.

The Magistrate Judge also correctly determined that to the extent Petitioner challenged the two disciplinary cases to which he alluded, these claims lacked merit. Docket No. 6 at 7–9. As the Report explains, one challenge was premature, and Petitioner also failed to show that the punishment imposed in the disciplinary cases implicated a constitutionally protected liberty interest.

Finally, the Magistrate Judge also correctly concluded that Petitioner's claims concerning the conditions of confinement in administrative segregation, the living conditions during the Covid-19 lockdown, and claims of inadequate medical care were not cognizable in habeas corpus because they do not implicate the fact or length of his confinement. Docket No. 6 at 9–10.

### D. Conclusion

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 10) and **ADOPTS** the Report and

Recommendation of the Magistrate Judge (Docket No. 6) as the opinion of the District Court.  Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice as to Petitioner's claims concerning disciplinary case no. 20230143728, and **DISMISSED** without prejudice as to all other claims in the case, including Petitioner's claims concerning the conditions of confinement and his medical care. Further, the Court **DENIES** a certificate of appealability, with the denial of this certificate pertaining only to an appeal of this present case and not affecting Petitioner's right to seek such relief through civil rights litigation as he may believe himself entitled.

So **ORDERED** and **SIGNED** this **18th** day of **September, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE